## UNITED STATES SUPREME COURT.

The Home Insurance Company of New York, plaintiff in
error, agt. John F. Morse and Charles C. Paige.

*Removal to Federal Court — agreement not to do so void.*

The statute of Wisconsin, passed in 1870, prohibits any fire insurance
company, organized under the laws of any other state, to take risks or
transact any business of insurance in that state by any agent therein,
unless such company (among other requirements) "shall first appoint
an attorney in this state on whom process of law can be served, contain-
ing an agreement that such company will not remove the suit for trial
into the United States circuit court or federal courts, and file in the
office of the secretary of state a written instrument, duly signed and
sealed, certifying such appointment, which shall continue until another
attorney be substituted."

In pursuance of this statute the plaintiff in error, on the 1st of July, 1870,
appointed an attorney by an instrument containing, with the power of
attorney, an agreement not to remove, by the acts of the company, suits
commenced in the courts of that state into the United States courts.

*Held,* that there is no sound principle upon which such agreements can be
enforced. Every citizen is entitled to resort to all the courts of the
country, and to invoke the protection which all the laws of these courts
may afford him. A man may not barter away his life, or his freedom, or
his substantial rights.

*July,* 1875.

In error to the supreme court of the state of Wisconsin.

Mr. *justice* Hunt delivered the opinion of the court.

This action was commenced in the circuit court of Winne-
bago county, Wis., to recover the amount alleged to be due
upon a policy of insurance issued by the plaintiffs in error to
the defendants in error upon the steamboat Diamond. The

Home Insurance Company is a corporation organized under the laws of the state of New York, and having its office and principal place of business in the city of New York. The company entered its appearance in the Winnebago county suit and filed its petition to remove the cause to the United States court for the eastern district of Wisconsin. The petition was in the form required by the twelfth section of the act of 1789, and was accompanied by a bond with sufficient bail as required by that act. The circuit court of Winnebago county refused to grant the prayer for removal, but proceeded to the trial of the cause. A verdict was rendered against the company, judgment entered thereon, and, upon an appeal to the supreme court of Wisconsin, the same was affirmed. The insurance company now bring a writ of error to this court. The case of *The Montello* was argued at the same time with the present; both cases, as it was understood, involving the question whether the Fox river was a navigable water of the United States. The decision of that question is not essential to the judgment to be rendered in the present case. The refusal of the state court of Wisconsin to allow the removal of the case into the United States circuit court of Wisconsin, and its justification under the agreement of the company and the statute of Wisconsin, form the subject of consideration in the present suit. The statute of Wisconsin in question was passed in the year 1870, and therein it is declared that, "it shall not be lawful for any fire insurance company, association or partnership, incorporated by or organized under the laws of any other state of the United States or any foreign government, for any of the purposes specified in this act, directly or indirectly to take risks or transact any business of insurance in this state unless possessed of the amount of actual capital required of similar corporations formed under the provisions of this act, and any such company desiring to transact any such business as aforesaid, by any agent or agents in this state, shall first appoint an attorney in this state on whom process of law can be served, containing an agreement that

such company will not remove the suit for trial into the United States circuit court or federal courts, and file in the office of the secretary of state a written instrument, duly signed and sealed, certifying such appointment, which shall continue until another attorney be substituted" (*Laws of 1870, chapter 56, section 22, page 87; or 1st Taylor Statutes, page 958, section 22*). Desiring to do business in the state of Wisconsin, and in compliance with the provisions of this statute, the Home Insurance Company of New York, on the 1st day of July, 1870, filed in the office of the secretary of state, Wisconsin, an appointment of Henry S. Durand as their agent in that state, on whom process might be served. The power of attorney thus filed contains this clause : " And said company agrees that suits commenced in the state courts of Wisconsin shall not be removed by the acts of said company into the United States circuit or federal courts." The state courts of Wisconsin held that the statute and the agreement under it justified a denial of the petition to remove the case into the United States court. The insurance company deny this proposition, and this is the point presented for consideration : Is the agreement thus made by the insurance company one that, without reference to the statute, would bind the party making it ? Should a citizen of the state of New York enter into an agreement with the state of Wisconsin that in no event would he resort to the courts of that state, or the federal tribunal within it, to protect his rights of property, it could not be successfully contended that such an agreement would be valid. Should a citizen of New York enter into an agreement with the state of Wisconsin, upon whatever consideration, that he would in no case, when called into the courts of that state, or the federal tribunals within it, demand a jury to determine any rights of property that might be called in question, but that such rights should in all cases be submitted to arbitration or to a decision of a single judge, the authorities are clear that he would not thereby be debarred from resorting to the ordinary legal tri-

Home Insurance Company agt. Morse.

bunals of the state. There is no sound principle upon which such agreements can be specifically enforced. We see no difference in principle between the cases supposed and the case before us. Every citizen is entitled to resort to all the courts of the country, and to invoke the protection which all the laws of these courts may afford him. A man may not barter away his life, or his freedom, or his substantial rights. In a criminal case he cannot, as was held in *Cancemi's Case* (18 *N. Y. R.*, 128), be tried in any other manner than by a jury of twelve men, although he consent in open court to be tried by a jury of eleven men. In a civil case he may submit his particular case, by his own consent, to an arbitration, or to the decision of a single judge. So may he omit to exercise his right to remove his suit to a federal tribunal as often as he thinks fit, in each recurring case. In these aspects any citizen may, no doubt, waive the rights to which he may be entitled. He cannot, however, bind himself in advance by an agreement, which may be specially enforced, thus to forfeit his rights at all times and on all occasions whenever the case may be presented. That the agreement of the insurance company is invalid upon the principles mentioned, the following cases are cited : *Nutt* agt. *Home Ins. Co.* (6 *Gray*, 174); *Cobb* agt. *New-England M. Ins. Co.* (6 *Gray*, 192); *Hobbs* agt. *Manhattan Ins. Co.* (56 *Maine*, 421); *Stephenson* agt. *P., F. & M. Ins. Co.* (54 *Maine*, 70); *Scott* agt. *Avery* (5 *House of Lords Cas.*, 811). They show that agreements in advance to oust the courts of the jurisdiction conferred by law are illegal and void.

Reversed, the chief justice and Mr. justice DAVIS dissenting.